UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA WRIGHT,

    Plaintiff,

v.                                              CASE NO. 8:07-cv-1586-T-23MSS

STANDARD INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    The plaintiff, Debra Wright, sues the defendant, Standard Insurance Company ("Standard"), for failing to pay a claim in accord with a life insurance policy issued by Standard. In count one of the third amended complaint ("complaint"), the plaintiff asserts a claim for breach of the life insurance contract. In count two, the plaintiff asserts a claim for civil theft pursuant to section 772.11, Florida Statutes. Standard moves (Doc. 22) to dismiss count two pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and the plaintiff responds (Doc. 24) in opposition.

    A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, challenges the legal sufficiency rather than the truth of factual allegations, which are assumed true and construed most favorably to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The complaint must include "'[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting Bell Atlantic Corp.

v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)).  "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'"  Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

In Florida, a plaintiff pleads civil theft by alleging the statutory elements of theft, as well as criminal intent.  Florida Desk, Inc. v. Mitchell Int'l, Inc., 817 So. 2d 1059, 1060 (Fla. 5th DCA 2002).  While a contractual relationship between the plaintiff and defendant will not preclude an action for civil theft, Seymour v. Adams, 638 So. 2d 1044, 1049 (Fla. 5th DCA 1994), the "tort of civil theft is not committed by the mere failure to pay monies contractually due," Florida Desk, 817 So. 2d at 1060; see also Rosen v. Marlin, 486 So. 2d 623, 625 (Fla. 3d DCA 1986).  A failure to pay money contractually due provides a basis for a civil theft claim only when the money is "specifically identifiable," such as when taken from a "separate account or segregated fund."  In re Gen. Plastics Corp., 184 B.R. 996, 1002 (Bankr. S.D. Fla. 1995).  "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained."  Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA 1971).

Under the economic loss rule, a "tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract."  Indemnity Ins. Co. of N. Am. v. American Airlines, 891 So. 2d 532, 537 (Fla. 2004); see also Hoseline, Inc. v. U.S.A. Diversified Prods., Inc., 40 F.3d 1198 (11th Cir. 1994) ("[T]he economic loss doctrine bars tort recovery for contract claims which involve no injury to person or

property."). The economic loss rule bars recovery for civil theft if the loss arises from the breach of contract, but not if the civil theft is committed independently of the contract breach. See Indemnity Ins. Co., 891 So. 2d at 537.

In count two, the complaint alleges that Standard "advised plaintiff that it would not pay Plaintiff the full sum due her" under the life insurance policy. (Doc. 19, ¶ 18) "Instead, Defendant advised it would only pay Plaintiff half the amount required under the policy." (Doc. 19, ¶ 18) The complaint states that "[t]his decision was made knowingly and Defendant has intentionally obtained and used the remaining $100,000, which belonged to plaintiff, with the felonious intent to, either temporarily or permanently, deprive plaintiff of the right to the money and to appropriate the money to the defendant's own use in violation of § 772.11, Fla. Stat." (Doc. 19, ¶ 18)

The defendant argues that "[b]ecause Plaintiff alleges nothing more than the failure to pay money claimed to be owed under a contract," count two is barred by Florida Desk and the economic loss rule. (Doc. 22 at 3-4, 6) The plaintiff responds that the complaint alleges facts separate and independent from the breach of contract action, namely the defendant's conversion of the $100,000 belonging to the plaintiff. (Doc. 24 at 5) The plaintiff primarily relies on Burke v. Napieracz, 674 So. 2d 756 (Fla. 1st DCA 1996), in which a defendant who agreed to deposit the plaintiff's social security checks into a bank account converted the checks for his own use.

In contrast to Burke, the complaint includes no allegation that Standard converted specifically identifiable money entrusted to Standard by the plaintiff. The complaint contains no allegation that Standard failed to distribute specifically identifiable money received or maintained on behalf of the plaintiff. Instead, the complaint alleges that

- 3 -

Standard breached its contractual duty to pay the claimed $100,000.  Standard's failure to pay the $100,000 is inextricably linked with the alleged breach of contract.  Moreover, the $100,000 is not specifically identifiable.  <u>Florida Desk</u> and the economic loss rule bar the plaintiff's claim for civil theft.  Consequently, the plaintiff cannot state a claim for civil theft.  The defendant's motion (Doc. 22) to dismiss count two is **GRANTED**, and count two is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on April 16, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE