UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA WRIGHT,

          Plaintiff,

                Case No.: 8:07-cv-1586-T-33MSS

v.

STANDARD INSURANCE COMPANY,

          Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Wright's "Notice of Voluntary Dismissal Without Prejudice Under Federal Rule of Civil Procedure 41(A)(1)" (Doc. # 62), which was filed on October 15, 2008, as well as a bevy of other filings regarding the imminent dismissal of this case.

For the reasons that follow, this Court dismisses Wright's suit against Standard without prejudice under Rule 41(a)(2), Fed. R. Civ. P., and declines to assess attorney's fees and costs unless Wright re-files her complaint against Standard.

## I. **Procedural History**

Wright commenced this action on August 3, 2007, by filing her complaint (the "State Court Complaint") against Standard in the Circuit Court for Polk County, Florida, Case

-1-

Number 07-CA-4312. (Doc. ## 1, 2).  Standard was served with

the summons, the State Court Complaint, and discovery

documents on August 17, 2007. (Doc. # 1-3).  On September 6,

2007, Standard removed the case to this Court on the basis

of diversity of citizenship pursuant to 28 U.S.C. § 1332.

**A.   The State Court Complaint**

Wright's State Court Complaint against Standard alleged

that Standard failed to pay Wright the sum of $100,000 upon

the death of Wright's husband, Clinton Wright (hereafter,

the "Insured"). (Doc. # 2).  Specifically, Wright alleged:

> On or before April 19, 2005, in consideration of a
> premium paid by [the Insured], Defendant issued
> its written policy of insurance on the life of the
> Insured in the amount of $100,000.  Insured's
> policy named Plaintiff, Insured's wife, as
> beneficiary.  Plaintiff does not have a copy of
> this insurance policy but through communications
> with Defendant, Defendant has acknowledged the
> existence and possession of the original policy. .
> . . Under the terms of the policy issued to
> Insured, Defendant promised to pay Plaintiff the
> sum of $100,000, on due proof of the death of the
> Insured during the term of the policy.  On April
> 20, 2007, while the policy was in full force and
> effect, the Insured died of natural causes, or as
> the case may be in such circumstances as to come
> within the terms of the life insurance policy and
> to render defendant liable to pay Plaintiff
> as beneficiary the sum of $100,000.  On or about May
> 11, 2007, Plaintiff gave Defendant due notice and
> proof of the death of Insured. . . . Plaintiff has
> thus demanded payment of the $100,000 due, but
> Defendant has refused and still refuses to pay any
> part of that sum.

(Doc. # 2 at ¶¶ 4-8).

Wright's State Court Complaint asserted two counts against Standard: count one for breach of life insurance contract and count two for civil theft. (Doc. # 2).

### B.   The Amended Complaint

On September 10, 2007, prior to Standard filing an answer or other responsive pleading to the State Court Complaint, Wright filed her Amended Complaint. (Doc. # 4). Wright's Amended Complaint joined as a defendant Sunbelt Website Marketing, Inc. (hereafter, "Sunbelt") (Doc. # 4). Further, in the Amended Complaint, Wright augmented the amount sought from $100,000 to $200,000. (Doc. # 4). Wright's Amended Complaint alleged in pertinent part:

> On or before April 19, 2005, Defendant Sunbelt, the insurance agent for Defendant Standard Insurance Company, and Clinton Wright had a valid and binding agreement to, and Defendant Sunbelt did take steps and/or actions to secure $200,000 in life insurance benefits for the benefit of Clinton Wright's beneficiaries. Defendant Sunbelt had a duty to use reasonable skill and care in securing the requested coverage.  If Defendant Sunbelt could not obtain the appropriate coverage they had a duty and responsibility to advise Clinton Wright and/or his beneficiaries in a timely manner of their inability to do so.  Upon information and belief, Clinton Wright, now deceased, discussed his specific life insurance needs with Defendant Sunbelt and Defendant Sunbelt was aware of the specific amount of life insurance

-3-

benefits sought. Moreover, based upon Clinton
Wright's expressed needs, Defendant Sunbelt should
have been made aware of the specific amount of
coverage that Clinton Wright needed. In reliance
on Defendant Sunbelt's representations that they
had secured the requested coverage Clinton Wright
did not seek to supplement or [obtain] alternative
life insurance coverage. Had Clinton Wright been
aware that Defendant Sunbelt was unable to obtain
the full life insurance coverage from one
insurance carrier he could and would have applied
and qualified for life insurance with a different
life insurance company. However, after Clinton
Wright's application for coverage Defendant
Sunbelt assured Mr. Wright that Standard Insurance
Company approved his request for a $200,000 life
insurance policy. Consequently, Clinton Wright
religiously paid his premiums to Standard
Insurance Company for two years on Sunbelt's
representation, and Standard Insurance Company's
express acknowledgment, that he was paying for
$200,000 in coverage. On or before April 19,
2005, in consideration of a premiums [sic] paid by
decedent Clinton Wright . . . Defendant Standard
Insurance Company agreed to issue its written
policy of insurance on the life of the insured in
the amount of $200,000. . . . Under the terms of
the policy issued to Insured, Defendant Standard
Insurance Company promised to pay Plaintiff the
sum of $200,000, on due proof of the death of the
Insured during the term of the policy.

(Doc. # 4 at ¶¶ 5-10).

Wright's Amended Complaint maintained the same counts

against Standard: breach of life insurance contract and

civil theft. (Doc. # 4 at ¶¶ 17-25). However, the Amended

Complaint added a third count against Sunbelt for negligent

procurement of life insurance. (Doc. # 4 at ¶¶ 26-33).

-4-

Among other allegations, Wright asserted that Sunbelt "had an express agreement with Clinton Wright that they would undertake reasonable care to secure appropriate life insurance coverage" and that "Sunbelt knew or should have known, either through actual knowledge or specific course of dealings with Standard Insurance Company, that Standard Insurance Company would not honor Clinton Wright's request for $200,000 in life insurance benefits." (Doc. # 4 at ¶ 27, 32).

**C.   <u>Remand Proceedings</u>**

On September 10, 2007, Wright filed her Motion to Remand to State Court (Doc. # 5), asserting that complete diversity of citizenship was destroyed by the addition of Sunbelt as a Defendant in the Amended Complaint. (Doc. ## 4, 5).   Wright explained that Standard is an Oregon corporation, Wright is a citizen of Florida, and Sunbelt is a Florida corporation.   Wright noted that "federal courts have fashioned a presumption in favor of remand to state court," (citing <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999)) and Wright requested that this Court remand the case to the Polk County Circuit Court. (Doc. # 5).

On September 26, 2007, Standard filed its response to Wright's motion to remand. (Doc. # 7). Standard asserted that Wright sought to join Sunbelt as a Defendant solely to destroy complete diversity and to divest this Court of its jurisdiction over this case. Standard also argued that Wright's claims against Sunbelt were premature: "Wright is precluded from bringing any negligence action against the insurance agent [here, Sunbelt] until the final adjudication of her contract claim against Standard, and then only if Standard's benefits determination is upheld by the Court. Wright's purported claim against the agent is legally barred and cannot be used as a vehicle for avoiding the federal forum to which Standard is entitled." (Doc. # 7 at 4).

Standard relied on <u>Blumberg v. USAA Casualty Ins. Co.</u>, 790 So. 2d 1061, 1065-1066 (Fla. 2001) and federal courts interpreting <u>Blumberg</u> to support its position that Sunbelt's joinder was improper and premature. See <u>Blumberg</u>, 790 So. 2d at 1065-1066 ("Negligence/malpractice cause of action" against an insurance agent "accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings."); <u>Essex Ins. Co. v. Rodgers Bros. Servs., Inc.</u>, 8:05-cv-648-T-27TBM, 2006 U.S. Dist. LEXIS

-6-

57291, at *3 (M.D. Fla. Aug. 11, 2006)("A claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final."); Looney v. Protective Life Ins. Co., 8:07-cv-1020-T-17TBM, 2007 U.S. Dist. LEXIS 65812, at *10 ("Under Florida law, an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final.").

On November 11, 2007, this Court entered an Order denying Wright's motion to remand and dismissing Wright's claim against Sunbelt. (Doc. # 18).  This Court determined that "Plaintiff's negligence claim against Sunbelt is . . . premature, and the Plaintiff will not be injured if joinder is not allowed." (Doc. # 18 at 2). This Court directed Wright to file an amended complaint. (Doc. # 18 at 2-3).

**D.   Third Amended Complaint**

On November 26, 2007, Wright filed her Third Amended Complaint which is an amalgamation of the State Court Complaint and the Amended Complaint. (Doc. ## 2, 19). The Third Amended Complaint seeks $200,000 pursuant to an alleged written policy of insurance between Wright and Standard. (Doc. # 19 at ¶¶ 7-8).  Sunbelt's allegedly

-7-

negligent conduct is discussed in the Third Amended Complaint, but Sunbelt is not named as a party pursuant to this Court's November 11, 2007 Order. (Doc. ## 18, 19). Once again, Wright asserted two counts against Standard: count one for breach of life insurance contract and count two for civil theft.

On December 12, 2007, Standard filed its Motion to Dismiss Count II of the Third Amended Complaint (Doc. # 22) asserting that Wright's count for civil theft was subject to dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Wright filed her response in defense of the civil theft count on January 3, 2008. (Doc. # 24).  On April 16, 2008, after a thorough examination of Florida law, particularly Florida Statute Section 772.11 concerning civil theft, this Court dismissed Wright's civil theft count against Standard with prejudice. (Doc. # 26).

Thereafter, on June 23, 2008, upon motion of Standard (Doc. # 28), this Court issued an Order requiring Wright to pay $5,938.50 to Standard to reimburse Standard for the attorney's fees incurred in defending against the baseless

civil theft count. (Doc. # 35).[1]

**E.    Fourth Amended Complaint and Summary Judgment Proceedings**

On June 12, 2008, Wright filed her "Motion for Partial Summary Judgment as to the Issue of Contract Formation and Breach of Binding Life Insurance Contract." (Doc. # 32). Standard filed its "Memorandum of Law in Opposition to Wright's Motion for Partial Summary Judgment" on June 30, 2008. (Doc. # 36).  In addition, on July 8, 2008, Wright filed her "Second Motion to Amend Complaint." (Doc. # 37). Standard filed its "Memorandum of Law in Opposition to Wright's Second Motion to Amend" on July 25, 2008. (Doc. # 39).  In addition, Standard filed its "Motion for Summary Judgment" on July 28, 2008. (Doc. # 40). Wright filed her "Response in Opposition to Standard's Motion for Summary Judgment" on August 5, 2008. (Doc. # 44).

On September 24, 2008, this Court entered an Order denying both summary judgment motions without prejudice and granting Wright one final opportunity to amend her

---

[1] Wright was given an opportunity to contest the assessment of Standard's attorneys's fees in regards to the civil theft claim, but Wright failed to file a response to Standard's motion.  This Court granted the motion for attorney's fees on the civil theft count as an unopposed motion. (Doc. # 35 at 1).

complaint. (Doc. # 51).  On September 25, 2008, Wright filed her "Fourth Amended Complaint." (Doc. # 53).  Thereafter, on September 29, 2008, Standard filed a motion for reconsideration of this Court's September 24, 2008 Order, arguing, inter alia, that this Court should have denied Wright's request to amend and should have granted Standard's motion for summary judgment. (Doc. # 54).  On October 2, 2008, Standard filed its "Motion for Statutory Attorney's Fees as to Count I of Third Amended Complaint," pursuant to Florida Statute Section 57.105. (Doc. # 55).  Thereafter, on October 6, 2008, Standard filed a motion to dismiss the Fourth Amended Complaint with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. # 57).  On October 6, 2008, Wright filed a response in opposition to Standard's motion for reconsideration. (Doc. # 58).  On October 14, 2008, Wright filed her response in opposition to Standard's motion for attorney's fees.

## II.  <u>Dismissal Proceedings</u>

On October 15, 2008, Wright filed her "Notice of Voluntary Dismissal Without Prejudice Under Federal Rule of Civil Procedure 41(A)(1)" (Doc. # 62), and Wright withdrew her response in opposition to Standard's motion for

reconsideration. (Doc. # 63).

On October 16, 2008, Standard filed its motion for dismissal of this case with prejudice pursuant to Rule 41(b), Fed. R. Civ. P. (Doc. # 64).  On October 19, 2008, Wright filed her response in opposition to Standard's Rule 41(b), Fed. R. Civ. P., motion (Doc. # 65) and Standard's Rule 12(b)(6), Fed. R. Civ. P., motion. (Doc. # 66). Further, on October 26, 2008, Wright filed her "Opposed Motion for Leave to File a Supplemental Motion for Voluntary Dismissal Without Prejudice Under Rule 41(a)(1) or Alternatively 41(a)(2)." (Doc. # 67).  On November 3, 2008, Standard filed a response in opposition to Wright's motion to supplement, indicating that "[t]he parties are in agreement that the action must be dismissed" and requesting dismissal with prejudice. (Doc. # 69 at 1).

As both parties seek dismissal of this action, this Court must determine the manner of dismissal, whether such dismissal should be with prejudice or without prejudice, and whether it is appropriate to require curative conditions.

### A.  Rule 41

Rule 41, Fed. R. Civ. P., governs this matter and states in pertinent part:

(a)   Voluntary Dismissal.
    (1) *By the Plaintiff.*
        (A) *Without a Court Order*.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
            (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
            (ii) a stipulation of dismissal signed by all parties who have appeared.
        (B)  *Effect*.   Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal-or state-court action  based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
    (2)  *By Court Order; Effect*.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only of the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
(b)   Involuntary Dismissal: Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.

41, Fed. R. Civ. P.

### 1. Application of Rule 41(a)(1)(A)(i)

Wright seeks dismissal without prejudice under Rule 41(a)(1)(A)(i), Fed. R. Civ. P.  In the alternative, Wright seeks dismissal without prejudice under Rule 41(a)(2), Fed. R. Civ. P.  A dismissal pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., is only appropriate "before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i), Fed. R. Civ. P.  Wright acknowledges that Standard has filed both an answer (Doc. # 27) and a motion for summary judgment (Doc. # 40), but asserts that, because the answer and motion for summary judgment were served in connection with a prior version of the complaint, a dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., is appropriate. Specifically, Wright contends that "no answer or motion for summary judgment has been filed against the operative complaint" the Fourth Amended Complaint. (Doc. # 65 at 4).

It appears that the Eleventh Circuit has not addressed the issue of whether a party can voluntarily dismiss an amended complaint without prejudice pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., when an answer and/or

-13-

motion for summary judgment has been filed in connection with a prior complaint, but not the amended complaint. However, other courts have addressed the issue, and these courts have determined that the service of an amended complaint does not revive the right to voluntarily dismiss an action. See, e.g., Tedeschi v. Barney, 95 F.R.D. 182, 183 (S.D.N.Y. 1982)("once the defendants served their original answer, the plaintiffs lost their right to unilateral dismissal under Rule 41(a)(1). The service of an amended complaint which did not change the substance of the original claims did not revive the right to unilateral dismissal."); Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971)(where defendant filed both an answer and a motion for summary judgment in response to the original complaint, the plaintiff could not dismiss as of right even though defendant had not responded to the amended complaint which plaintiff filed by leave of court upon dismissal of the original complaint).

This Court determines that it is not appropriate to allow Wright to employ Rule 41(a)(1)(A)(i), Fed. R. Civ. P., at this stage of the proceedings. Nonetheless, this Court may dismiss Wright's complaint without prejudice upon

-14-

Wright's motion or sua sponte pursuant to Rule 41(a)(2),
Fed. R. Civ. P.

### 2.   <u>Application of Rule 41(a)(2)</u>

Wright asserts that, if dismissal under Rule
41(a)(1)(A)(i), Fed. R. Civ. P., is not permitted, this
Court should employ Rule 41(a)(2), Fed. R. Civ. P., to
dismiss this suit without prejudice.   Wright further
contends that no "conditions" to dismissal are necessary
under the circumstances of this case.

"Rule 41(a)(2) permits the plaintiff to seek voluntary
dismissal by court order if such dismissal is no longer
available as of right under Rule 41(a)(1)[A](i) and the
plaintiff cannot secure consent to a stipulated dismissal."
8 JAMES WM. MOORE ET AL., <u>MOORE'S FEDERAL PRACTICE</u> ¶ 41.40[1] (3d
ed. 2003).   But Rule 41(a)(2), Fed. R. Civ. P., is not to be
employed without consideration of the defendant.   The
Eleventh Circuit commented in <u>McCants v. Ford Motor Co.,
Inc.</u>, 781 F.2d 855 (11th Cir. 1986), "The purpose of the
rule is primarily to prevent voluntary dismissal which
unfairly affect the other side, and to permit the imposition
of curative conditions." <u>Id.</u> at 856 (internal citations
omitted).   The <u>McCants</u> court further advised that "a

-15-

district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." Id.

Against the backdrop of McCants and other controlling precedent, this Court will consider Wright's request for a dismissal without prejudice and without curative conditions.

In deciding whether to dismiss Wright's case pursuant to Rule 41(a)(2), Fed. R. Civ. P., this Court must make three determinations: "(1) whether or not to allow dismiss of the case at all; (2) if the Court allows dismissal, whether it should be with or without prejudice; and (3) if the Court allows dismissal without prejudice, what terms and conditions, if any, should be imposed." Spencer v. Moore Business Forms, Inc., 87 F.R.D. 118, 199 (N.D. Ga. 1980).

### (i)  To Dismiss or Not to Dismiss

As stated in Pontenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001), "[T]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2).  In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a

-16-

subsequent lawsuit, as a result." <u>Id.</u> at 1256 (internal citations omitted).  In this case, allowing dismissal will not cause Standard to suffer clear legal prejudice, and because both parties agree that the case should be dismissed, this Court determines that it is appropriate to allow dismissal.  Whether dismissal should be with or without prejudice and whether Wright should be required to pay Standard's attorney's fees as a condition of the dismissal are two issues which require further analysis.

### (ii) <u>Dismissal With or Without Prejudice</u>

As stated, Wright seeks dismissal without prejudice under Rule 41(a)(2), Fed. R. Civ. P.  Standard, on the other hand, seeks dismissal with prejudice under Rule 41(b), Fed. R. Civ. P.  In <u>Dinardo v. Palm Beach County</u>, 199 Fed. App'x 731 (11th Cir. 2006), the court evaluated the use of Rule 41(b), Fed. R. Civ. P., and explained:

> A court may dismiss a case with prejudice based on either Fed.R.Civ.P. 41(b), or the court's inherent power to manage its docket. . . . Under both of these authorities, a dismissal with prejudice is an extreme sanction that may be properly imposed <u>only</u> when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. The harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.

Id. at 735 (internal citations omitted).

Upon review of Dinardo, this Court determines that dismissal with prejudice pursuant to Rule 41(b), Fed. R. Civ. P., is not warranted here.  While this Court is not pleased with the manner in which Wright presented her case, this is not a case in which a dismissal with prejudice is required.  This is especially so because there is no evidence that Wright personally engaged in culpable conduct. Wright's attorney aptly submits that "in this district it is clear that the sins of the attorney will not be visited upon his client." (Doc. # 65 at 4).  Accordingly, this Court dismisses this case without prejudice.

### (iii) Imposition of Curative Conditions

In determining whether to apply curative conditions, further analysis of McCants is necessary.  In McCants, the trial court granted a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2), Fed. R. Civ. P., and denied the defendant's request that conditions to dismissal be applied (i.e. the payment of the defendant's attorney's fees).  The Eleventh Circuit reversed and remanded the trial court's decision because the record did not contain the trial court's reasoning for denial of the

conditions.   The  Eleven  Circuit  determined  that  "[a]
plaintiff  ordinarily  will  not  be  permitted  to  dismiss  an
action  without  prejudice  under  Rule  41(a)(2)  after  the
defendant  has  been  put  to  considerable  expense  in  preparing
for  trial,  except  on  condition  that  the  plaintiff  reimburse
the  defendant  for  at  least  a  portion  of  his  expenses  of
litigation."  McCants, 781 F.2d at 860.

In  McCants, "the  district  court  did  not  explicitly  rule
on  [the  defendant's]  request,  instead  simply  denying  it  by
implication  by  failing  to  impose  or  discuss  any  conditions
when  the  dismissal  without  prejudice  was  ordered."  Id.   In
reversing  and  remanding  the  case  to  the  trial  court  the
Eleventh  Circuit  noted:

> It is clear that discovery had proceeded and that
> interrogatories had been served, objected to, and
> answered to some extent.  Depositions had been
> taken.  [The defendant] had obviously incurred
> considerable litigation expense.  Just how much of
> the work done by [the defendant] in this case was
> wasted and how much will be useful in further
> litigation . . . is not clear. . . .  The district
> court judge is in a far better position than we
> are to weigh and advise us concerning the equities
> . . . that militate for and against the imposition
> of the various conditions [the defendant] claims
> are due.

McCants, 781 F.2d at 860-861.

Standard  has  not  asserted  arguments  concerning  what

-19-

conditions would protect its interests should this suit be dismissed without prejudice. This is likely because Standard focused its arguments on a requested dismissal with prejudice. Nevertheless, this Court estimates that the condition Standard seeks is the payment of its attorney's fees and costs. Along these lines, the record contains Standard's "Motion for Statutory Attorney's Fees as to Count I of Third Amended Complaint" (Doc. # 55), wherein Standard requests attorney's fees pursuant to Florida Statute Section 57.105. Standard cites <u>Brandon v. MedPartners, Inc.</u>, 203 F.R.D. 677 (S.D. Fla. 2001) in support of its contentions.

This Court declines to award attorney's fees to Standard under Florida Statute Section 57.105 and similarly declines to impose such a sanction under Rule 11, Fed. R. Civ. P. This Court does, however, find it appropriate to condition the dismissal of this suit upon the payment of Standard's reasonable attorney's fees and costs should Wright re-file her claim against Standard. A similar compromise was upheld in <u>Pontenberg</u> where "the district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d)." <u>Pontenberg</u>, 252 F.3d at

-20-

1260.[2] Similar to the present case, the <u>Potenberg</u> case had been pending for a year before the plaintiff sought to dismiss, and the parties had engaged in substantial discovery. <u>Id.</u> In upholding the condition to dismissal, the Eleventh Circuit opined that "any financial prejudice suffered by Boston Scientific had been adequately addressed." <u>Id.</u> Other district courts have adopted the same compromise. <u>See, e.g.</u>, <u>Watson v. Ala. Bd. Of Pardons & Paroles</u>, 2:07-cv-794-MHT, 2008 U.S. Dist. LEXIS 56510 (M.D. Ala. July 25, 2008).

The requirement that Wright pay Standard's reasonable attorney's fees and costs upon re-filing is appropriate because the case has been pending since August 3, 2007, with discovery having been conducted and with numerous complaint amendments on file. However, Wright is not obligated to pay Standard's reasonable attorney's fees and costs unless and until Wright re-files her complaint against Standard.

Accordingly, it is now

---

[2]  Rule 41(d), Fed. R. Civ. P., states: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The Fourth Amended Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2), Fed. R. Civ. P.

(2)   The Clerk is directed to terminate all pending motions and to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record